## South Philadelphia Beneficial Association v. Freeman, Secretary of Banking, etc.

*D. A. Kraftsow*, for plaintiff.

*Orville Brown*, Deputy Attorney General, and *James H. Duff*, Attorney General, for defendant.

RICHARDS, J., May 17, 1943.—The parties hereto have agreed that the court shall decide the case upon the pleadings and briefs, without oral argument. The pleadings consist of the bill, answer, and stipulations.

Plaintiff is an unincorporated association doing business in Philadelphia. It has no formal articles of association or any formal trust agreement. It is managed by officers and directors chosen by the members. Two of the officers are paid nominal salaries. The association meets weekly for the conduct of its business. New members are admitted upon recommendation of an old member and upon purchase of at least five so-called shares valued at $5 per share.

The business of the association is to loan money to its members. The interest charged is equivalent to 20.8 percent per year. The profit is distributed to the members in proportion to their holdings. The dividends for the years 1938, 1939, and 1940 were 10.5, 10.4, and 9 percent respectively. The money loaned was derived

from payments made by members for shares purchased.

Defendant had served a cease and desist order upon plaintiff, contending that it was subject to the provisions of the Small Loans Act and the Consumer Discount Company Act. Plaintiff thereupon filed its bill seeking to enjoin defendant from applying to it the provisions of the aforesaid acts. The answer admitted all things pleaded except the allegations that the said acts did not apply to the operations of plaintiff.

In brief, plaintiff contends that neither of said acts applies to it, while defendant contends that they do.

## Discussion

The Consumer Discount Company Act of April 8, 1937, P. L. 262, 7 PS §761-1, extends to licensed domestic corporations the right to loan sums of $1,000 or less, at rates in excess of 6 percent per annum. An unincorporated association may not be licensed under this act; sec. 3, (a) and (b); sec. 7. Section 3(a) makes it unlawful, inter alia, for an association or group of individuals, however organized, to make loans of $1,000 or less at rates in excess of 6 percent per annum.

The Small Loans Act of June 17, 1915, P. L. 1012, as amended by the Act of May 28, 1937, P. L. 989, 7 PS §751, makes it unlawful, inter alia, for any association to make loans of $300 or less, at rates in excess of 6 percent per annum, unless licensed to do so; sec. 1.

It is apparent, therefore, that the operations of plaintiff are illegal unless they are not engaged in the business of making such loans within the meaning of these acts. It has been argued that business is the customary occupation pursued for livelihood, gain, or profit. Accepting this standard, we feel that the activities of plaintiff fall squarely within the definition. The making of loans is the customary, ordinary, and only activity of plaintiff. It engages in its business for gain or profit. The fact that it disburses its profits

among its own members makes no difference, nor does the fact that it makes loans only to members. A member may be entitled to a share of the profits even though he is not a borrower. Under the bill no other reason for existence is suggested than that of making loans. We see no essential difference between the operations of plaintiff and those of a corporation similarly engaged. A corporation may loan to the general public but it is not obliged to make every loan applied for. Possibly a corporation could be formed to loan only to stockholders, or to preachers, or to lawyers. The selection of a particular class with which to do business does not make the transaction any the less the doing of business. Under all the circumstances, we hold that plaintiff is engaged in the business of loaning money.

Since the parties have stipulated that the court shall decide the case, and it is ripe for decision, it is not necessary to enter a nisi decree. Neither is there any reason to make findings of fact as it is agreed that all pertinent facts are set forth in the bill of complaint and the answer. We may add that neither party has made any request for either findings of fact or conclusions of law. We do, however, make the following

### Conclusions of law

1. Plaintiff is engaged in the business of loaning money within the meaning of the Small Loans Act and the Consumer Discount Company Act.

2. Plaintiff, in making loans at rates of interest in excess of 6 percent, without having been licensed so to do, is violating the provisions of both the Small Loans Act and the Consumer Discount Company Act.

3. Plaintiff is not entitled to injunctive relief.

### Decree

And now, to wit, May 17, 1943, the prayer of the bill of complaint is refused and the bill is dismissed,

at the cost of plaintiff. The prothonotary is directed to notify the parties or their counsel of this decree forthwith.